## Case No. 6,019.
### HANDY v. BROWN.
[1 Cranch, C. C. 610.][1]

Circuit Court, District of Columbia. April, 1810.

APPRENTICESHIP — INFANCY — ASSIGNMENT OF INDENTURE.

An infant cannot bind himself as an apprentice; nor can a master assign the indenture of his apprentice.

[Cited in Charles v. Matlock, Case No. 2,615.]

Habeas corpus and petition to discharge an apprentice. [Joel] Brown, the master, being about to leave Georgetown, assigned the apprentice, with his shop, to another person. The articles of apprenticeship were merely a contract between the boy (who was sixteen years old) and the master.

Mr. Jones, for petitioner. There are only three modes of binding under the act of Maryland, namely, by the orphans' court, by two justices of the peace, or by the father. These indentures are not binding on the infant; and whether binding or not, the master could not assign them.

F. S. Key, contra. This is not a contract for personal instruction. The indentures say, "teach or cause to be taught." All contracts for necessaries are binding on an infant. This is a contract for food, clothing, and instruction; all of which are necessaries.

THE COURT (FITZHUGH, Circuit Judge, absent) discharged the petitioner; it not being a binding within Act Assem. Md. 1793, c. 45. If the indenture is binding as an agreement, still it does not create the relative obligations of master and apprentice, under the act; and if it did, the 14th section forbids the assignment except in the case of the death of the master.

[1] [Reported by Hon. William Cranch, Chief Judge.]